IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

THEODORE WILLIS FLOWERS, JR.,
REG. #13338-064                                                                                        PLAINTIFF

v.                                           2:07CV00100WRW/HDY

OFFICER SKIBA                                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

>    3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a federal inmate currently confined at the Federal Correctional Institution (FCI), Forrest City, Arkansas, filed this action against defendant as a <u>Bivens</u> federal civil rights action, seeking relief for the loss or destruction of several of his personal photographs. By Order dated August 7, 2007, this Court granted plaintiff's application to proceed <u>in forma pauperis</u> in this action. However, unclear whether plaintiff intended to sue the individual defendant for damages for violation of his property rights, or rather, the United States based on a Federal Tort Claims Act (FTCA) action for damages as a result of his loss, the Court directed plaintiff to file an amended complaint within thirty days of the date of the Order. The Court specifically directed plaintiff to include in the complaint, "(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; and (3) how each individual violated the plaintiff's constitutional rights. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, time and places." The Court further advised plaintiff that failure to respond to the Order would result in the dismissal without prejudice of his complaint, citing Local Rule 5.5(c)(2). As

of this date, plaintiff has not filed an amended complaint, or otherwise corresponded with the Court.[1]

In his complaint, plaintiff alleges the following: "I would just like to get payed (sic) for the lost (sic) of my pictures.  I'm not saying he destroyed them on propose (sic).  But they were destroyed and they can't be replaced."  In addition, plaintiff attaches a copy of a letter he wrote concerning his loss,[2] stating that on March 6, 2007 his cell was shaken down by defendant, and after the incident, he discovered that several personal photographs were missing.  In this letter he also states, "I'm not saying that Officer Skiba intentionally lost my photographs."  Plaintiff also attaches to his complaint a letter from the Federal Bureau of Prisons, stating that his claim was considered for administrative settlement under the FTCA, and that finding no evidence to indicate a loss due to negligent or wrongful act or omission of a government employee, the claim (for $1,500) was denied.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See  Hishon v. King & Spalding, 467 U.S. 69, 73

---

[1] Based on plaintiff's failure to comply with the Court's August 7, 2007 Order, plaintiff's complaint could be dismissed without prejudice, for failure to prosecute, in accordance with Local Rule 5.5(c)(2).  However, for the reasons set forth to follow, the Court finds that the complaint should be dismissed with prejudice for failure to state a claim.

[2] The letter is not addressed to any person or agency in particular, just "To whom it may concern."

(1984).  Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true.  See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983.  Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984).  A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

     As noted earlier, the Court directed plaintiff to file an amended complaint because it was unclear whether he intended to sue Officer Skiba for damages for his loss, based on a Fifth Amendment violation, or whether he intended to file a FTCA action to recover damages for his loss.  If the former was his intent, plaintiff does not state a claim for relief, for he alleges only that defendant Skiba was negligent, that he was not accusing defendant of destroying his photographs on purpose.  See Daniels v. Williams, 474 U.S. 327 (1986), where the Court held that the due process clause is not implicated by a negligent act which caused unintended loss of or injury to life, liberty or property.

     In addition, the Court finds that if plaintiff intended to sue under the FTCA for damages, he fails to name the proper party as a defendant.  In 28 U.S.C. § 2679, the Act provides that the proper party to a FTCA action is the United States of America.  Furthermore, § 2679(d) provides that upon certification by the Attorney General or delegate, the United States must be substituted in such actions filed against individual employees.  Therefore, absent a clear direction from the plaintiff concerning his intentions in this lawsuit, the Court finds that plaintiff can not maintain this FTCA claim against defendant. Accordingly,

     IT IS, THEREFORE, RECOMMENDED that plaintiff's complaint against defendant be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

The Court hereby certifies that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal taken from this Memorandum and Order and accompanying Judgment dismissing this action is considered frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this __11__ day of September, 2007.

*/s/ H. Daniel Young*

_____
United States Magistrate Judge